UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

| | |
|---|---|
| JONATHAN LEE RICHES, | |
| Plaintiff, | Civil Action No. 09-mc-122-KKC |
| v. | |
| FEDERAL MEDICAL CENTER LEXINGTON, ET AL., | **MEMORANDUM OPINION AND ORDER** |
| Defendants. | |

\*\*\*\*   \*\*\*\*   \*\*\*\*

Jonathan Lee Riches, an individual incarcerated in the Federal Medical Center ("FMC") in Lexington, Kentucky, has submitted a *pro se*, one-page document in which he requests an injunction preventing state and federal corrections officials from transporting him to a state prison following completion of his federal sentence in compliance with a detainer lodged by the Commonwealth of Kentucky.  [R. 2]

The Court will deny the motion and dismiss this action for several reasons.  First, a civil action must be commenced by the filing of a complaint.  Federal Rule of Civil Procedure 3; *Jacobson v. Coon*, 165 F.2d 565 (6th Cir. 1948).  Riches has not filed a complaint, and the scant allegations of Riches's motion are insufficient to permit the Court to construe it as such, even under the minimal pleading standards for a complaint set forth in Federal Rule of Civil Procedure 8.  The Court cannot consider his motion outside the context of a properly-initiated civil action.  *See Central South Carolina Chapter, Soc. of Prof. Journalists, Sigma Delta Chi v. United States District Court for the District of South Carolina*, 551 F.2d 559, 564-65 (4th Cir. 1977) (proceeding seeking stay must be initiated by filing complaint in civil action) (citing *New Hampshire Fire Ins. Co. v. Scanlon*, 362 U.S.

404, 406-07 (1959) ("In the absence of express statutory authorization, courts have been extremely reluctant to allow proceedings more summary than the full court trial at common law.")).

Further, the motion is devoid of any argument, let alone evidence, which would support injunctive relief under Federal Rule of Civil Procedure 65. Riches alleges solely that he faces "imminent danger" that he will be transferred to a state prison pursuant to an "illegal detainer." The "danger" about which Riches complains is not imminent; the Bureau of Prisons ("BOP") website indicates that his projected release date from federal custody is March 23, 2012. Riches offers no argument to support his contention that Kentucky's detainer is invalid. In addition, Riches does not allege that he has made any effort to exhaust his administrative remedies with respect to this claim with the BOP under 28 C.F.R. § 542.10 *et seq*.

Finally, Riches has not paid the filing fee for a civil action in this case, and is barred under the "three strikes" provision of the *in forma pauperis* statute for paying the filing fee in installments. 28 U.S.C. § 1915(g). This Court long ago identified Riches as an abusive litigant who has burdened the federal courts with over 2000 civil actions, and has entered an order enjoining Riches from filing further civil actions without seeking the Court's advance permission to do so. *Riches v. Garese*, 08-086-HRW, Eastern District of Kentucky. Riches has violated this Court's injunction by filing the present action and another action he recently filed with the Court, *Riches v. X-Men*, 09-112-KSF, Eastern District of Kentucky. In dismissing Riches' most recent filing, the Court further directed the Clerk of the Court to return, unfiled, any document tendered by Riches unless it is

accompanied by a motion seeking permission to file a civil action as well as either the appropriate filing fee or a motion to pay the filing fee in installments and an affidavit, signed under penalty of perjury, that he is under imminent danger of serious physical injury. Should such measures be insufficient to check any further abuse of the judicial system by Riches, the Court possesses the inherent authority to hold a litigant in contempt and impose fines or jail sentences, as appropriate. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *In re Prevot*, 59 F.3d 556, 563-64 (6th Cir. 1995).

Accordingly, **IT IS ORDERED** that:

1. Plaintiff's Motion for Preliminary Injunction [R. 2] is **DENIED**.

2. This action is **DISMISSED WITHOUT PREJUDICE** and is **STRICKEN** from the active docket.

3. The Court will enter an appropriate Judgment.

Dated this 21st day of April, 2009.

Signed By:

*Karen K. Caldwell*   KKC

**United States District Judge**